# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-462V
**Filed: July 22, 2014**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*    UNPUBLISHED

PATSY NASH RUSSELL,                                        \*

                                                                         \*    Special Master Dorsey

                         Petitioner,                               \*

                                                                         \*    Attorneys' Fees and Costs;
v.                                                                       \*    Reasonable Amount Requested
                                                                         \*    to Which Respondent Does Not
SECRETARY OF HEALTH                                   \*    Object.
AND HUMAN SERVICES,                                  \*

                                                                         \*
                         Respondent.                              \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Thomas Gallagher, Somers Point, NJ, for petitioner.
Gordon Shemin, United States Department of Justice, Washington, DC, for respondent.

### ATTORNEYS' FEES AND COSTS DECISION[1]

On July 5, 2013, Patsy Nash Russell ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that she received a tetanus vaccine on September 26, 2010, and that she thereafter suffered from Guillain Barré syndrome ("GBS") which was caused in fact by the vaccination. *See* Petition at 1. On July 2, 2014, a decision was entered awarding compensation to petitioner based on the parties' stipulation.

On July 22, 2014, the parties filed a Stipulation of Facts Concerning Attorneys' Fees and

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Costs. According to the stipulation, the parties stipulate to a total award to petitioner of attorneys' fees and costs in the amount of $18,649.98. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $149.98 in out-of-pocket litigation expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the parties' stipulation, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**A lump sum of $18,500.00 in the form of a check jointly payable to petitioner and to petitioner's counsel, Thomas P. Gallagher**; and

**A lump sum of $149.98 in the form of a check payable to petitioner**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.